JAMES L. CORBETT, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Corbett v. Commissioner
Docket No. 8292-90
United States Tax Court
T.C. Memo 1991-470; 1991 Tax Ct. Memo LEXIS 519; 62 T.C.M. (CCH) 824; T.C.M. (RIA) 91470; September 25, 1991, Filed *519 Milton J. Carter, Jr. and Randall E. Heath, for the respondent. GALLOWAY, Special Trial Judge. GALLOWAY
MEMORANDUM OPINION This case was assigned pursuant to section 7443A(b) and Rule 180 et seq. (All section references are to the Internal Revenue Code as amended and in effect for the taxable years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure). Before the Court for disposition are respondent's written Motion To Dismiss For Failure To State A Claim Upon Which Relief Can Be Granted, filed pursuant to Rule 40 and respondent's oral motion for damages (now called a penalty) under section 6673. Petitioner filed a written objection to respondent's motion to dismiss. At the hearing, petitioner failed to appear and respondent orally moved for a penalty under section 6673. Petitioner was a resident of Bothell, Washington, when he filed his petition with this Court. In the notice of deficiency, respondent determined deficiencies in petitioner's Federal income tax and additions to tax in the following amounts: Additions to Tax, Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(2)
6654
1981
$ 4,889
$ 1,222
$ 244
*
$ 375
1982
4,656
1,164
233
*
452
1983
4,607
1,152
230
*
281
*520 Respondent's determinations were based on petitioner's failure to report taxable income on timely filed tax returns for the years 1981, 1982, and 1983. When respondent investigated petitioner's tax liabilities for these taxable years, petitioner failed to cooperate by providing records or documents which would explain the source of petitioner's unreported income. Accordingly, respondent determined petitioner's taxable income by use of the bank deposit method. The notice of deficiency contained 36 pages of explanations of respondent's calculation of petitioner's unreported income and tax liabilities. These explanations were ignored by petitioner when he filed his petition disputing respondent's determinations. Petitioner asserted constitutional and other tax protester-type allegations in his petition. He alleges that he is "a citizen of the United States who receives statutory exempt and deductible compensation for labor or personal services, in the United *521 States," and that respondent "alleged a tax deficiency on income statutory deductible and exempted under the tax laws of the United States." Petitioner asserted similar tax protester-type allegations in his memorandum opposing respondent's motion to dismiss. Petitioner has the burden of proving error in respondent's determination of deficiencies and additions to tax. ; ; Rule 142(a). Moreover, under the Rules of this Court, petitioner has the burden to plead sufficient facts to address the issues determined in respondent's notice of deficiency, including the burden of establishing his right to claimed deductions or exemptions. See , affg. per curiam an order of this Court. Rule 34(b)(4) provides that a petition filed in this Court shall contain clear and concise assignments of each and every error which petitioner alleges to have been committed by respondent in the determination of the deficiency and additions to tax in dispute. Rule 34(b)(5) provides that the petition shall contain clear and concise lettered statements *522 of the facts on which petitioner bases the assignments of error. We agree with respondent that no justiciable error has been alleged in the petition filed by petitioner with respect to respondent's determination as required by Rule 34(b)(4) and (5). Accordingly, respondent's motion to dismiss will be granted and decision entered in his favor for the determined deficiencies and additions to tax. We next consider respondent's oral motion for a penalty under section 6673. Whenever it appears to the Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay, that the taxpayer's position in such proceeding is frivolous or groundless, or that the taxpayer unreasonably failed to pursue available administrative remedies, the Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. Sec. 6673(a). [1]
*523 We find that petitioner has instituted and maintained this action primarily for delay and that petitioner's position in this proceeding is frivolous and groundless. Accordingly, we will grant respondent's motion for a penalty, and in our decision we will require petitioner to pay to the United States a penalty of $ 5,000. An appropriate order and decision will be entered.
Footnotes
*. 50 percent of the interest due on the deficiencies.↩
1. The Omnibus Budget Reconciliation Act of 1989, Pub. L. 101-239, sec. 7731(a), 103 Stat. 2106, 2400, changed the term "damages" to "penalty" and increased the amount which can be imposed from $ 5,000 to $ 25,000. These changes are applicable to positions taken after December 31, 1989, in proceedings which are pending or commenced after such date.↩